UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AUBREY J. FERRAO,

    Plaintiff,

v.   Case No: 2:15-cv-519-FtM-29CM

COLLIER HMA PHYSICIAN MANAGEMENT, LLC and COMMUNITY HEALTH SYSTEMS PROFESSIONAL SERVICES CORPORATION,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Remand to State Court (Doc. #17) filed on September 28, 2015. Defendants filed Responses (Docs. ##19-12) on October 15, 2015 to which Plaintiff filed a Reply (Doc. #23) on October 29, 2015. For the reasons set forth below, the motion is granted.

Plaintiff Aubrey J. Ferrao (Plaintiff or Ferrao) filed a Complaint (Doc. #2) in state court against Defendants Community Health Systems Professional Services Corporation (CHSPSC) and Collier HMA Physician Management LLC in which Ferrao alleges that he was injured when his personal identifying information (PII) was stolen from Defendants via a cyber-attack. Based on these allegations, Ferrao brings causes of action against Defendants for negligence, breach of fiduciary duty, and violations of Florida's

Deceptive and Unfair Trade Practices Act (FDUTPA) for Defendants' alleged failure to properly safeguard his PII and alleged delinquency in informing Ferrao of the data breach. The Complaint asserts total damages in excess of $15,000, the state circuit court jurisdictional amount. CHSPSC filed a Notice of Removal (Doc. #1) based upon diversity jurisdiction and damages in excess of $75,000. The parties agree there is complete diversity of citizenship, but disagree as to the amount in controversy component. As the party seeking federal jurisdiction, the burden is upon CHSPSC to establish diversity jurisdiction as of the date of removal. Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

In 2011, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act (JVCA), which "clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014). Under the JVCA, where removal is based upon diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). As an exception to this rule, the Notice of Removal may assert the amount in controversy if the initial pleading seeks a money judgment, "but the State practice either does not permit demand for a specific sum or

permits recovery of damages in excess of the amount demanded" and "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."  Id. § 1446(c)(2)(A), (B).  A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount.  Dart, 135 S. Ct. at 554.

In this case, the state court complaint has not demanded any particular sum, and Florida practice permits recovery in excess of the amount demanded in the complaint.  Therefore, the issue is whether CHSPSC's Notice of Removal has plausibly alleged that the amount in controversy exceeds $75,000.  As evidence of the amount in controversy, CHSPSC cites (1) a pre-suit demand letter, which alleged that Ferrao has "substantial wealth" and has suffered "severe" financial injuries (Doc. #19-1); and (2) the nature of the damages alleged in the Complaint, which include identity theft, fear of future identity theft, the cost of credit monitoring, and attorneys' fees.

A pre-suit demand letter "commonly reflect[s] puffing and posturing, and . . . is entitled to little weight" when assessing the amount in controversy.  Kilmer v. Stryker Corp., No. 14-CV-456, 2014 WL 5454385, at *4 (M.D. Fla. Oct. 27, 2014) (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)).  This is especially true where, as here,

the letter does not demand a specific amount. Thus, the demand letter does not aid CHSPSC in alleging the amount in controversy.

CHSPSC also contends that the nature of the damages sought in the Complaint are sufficient to plausibly allege that the amount in controversy exceeds $75,000. The Court disagrees. With the exception of credit monitoring, Ferrao's damages allegations are, in the Court's experience, more boilerplate than factually descriptive of a given case. Moreover, the Complaint states that attempts to access Ferrao's bank and credit card accounts were unsuccessful, which suggests that Ferrao's economic damages are minimal. (Doc. #2, ¶ 15.) Concerning credit monitoring, CHSPSC estimates a cost to Ferrao of only $5,250 over the next twenty-five years. (Doc. #1, ¶ 31.) What remains are Ferrao's lost time, his fear of future identity theft, and his attorney's fees. At this stage in the proceedings, estimates of such damages are inherently speculative, and CHSPSC has not provided evidence which convinces the Court that they are particularly excessive in this case. Therefore, the Court concludes that CHSPSC has not plausibly alleged that the amount in controversy exceeds $75,000.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Plaintiff's Motion to Remand to State Court (Doc. #17) is **GRANTED.** The Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Collier County,

Florida, and to transmit a certified copy of this Order to the Clerk of that Court. The Clerk is further **directed** to terminate all pending motions and deadlines and close the case.

  **DONE and ORDERED** at Fort Myers, Florida, this __20th__ day of November, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record